IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-0910-M-BK |
| | § | |
| JUDGE EMILY TOBOLOWSKY, | § | |
| ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b), this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed without prejudice for want of jurisdiction, and that sanctions be imposed against Plaintiff.

**I. BACKGROUND**

A.     **Plaintiff's Current Action**

Plaintiff filed a *pro se* complaint asserting civil rights violations under 42 U.S.C. § 1983 against the Honorable Emily Tobolowsky, Judge of the 298th Judicial District Court of Dallas County, and the Court of Appeals for the Fifth District of Texas. (Doc. 3 at 1). The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. (Doc. 7 at 1).

This action arose from a suit Plaintiff filed in the 298th Judicial District Court against the other parties with whom he was involved in an automobile accident.[1] (Doc. 3 at 1). In a different suit regarding the same automobile accident, Plaintiff was declared a vexatious litigant.

---

[1] *See James v. Johnson*, No. 06-10949, 2007 WL 5090747 (298th Dist. Ct., Dallas County, Tex. May 25, 2007)., *aff'd*, No. 05-07-00638-CV, 2008 WL 2440292 (Tex. App.—Dallas, June 18, 2008, no pet.) (affirming the trial court's summary judgment order negating the negligence theory pleaded by Appellant).

*Id*. at 1-2.  His resulting appeal to the Court of Appeals for the Fifth District of Texas was dismissed for want of jurisdiction.[2]  *Id*. at 2.

In the case *sub judice*, Plaintiff alleges "Judge Tobolowski [sic] and the Fifth District Court of Appeals have surreptitiousl [sic] deprived Plaintiff of his First Amendment Rights to 'petition the government for redress of grievances' and is unconstitutional." *Id*. at 3.  He requests that the order declaring him a vexatious litigant be vacated and that a special master be appointed to review all vexatious litigant orders entered by Judge Tobolowsky in the last five years.  *Id.*

**B.     Plaintiff's Prior Cases**

This is not Plaintiff's first action in this court.  His abusive filing history (more than fifteen actions in this Court alone) has resulted in sanctions warnings from this Court and the United States Court of Appeals for the Fifth Circuit.  *See James v. Cox*, No. 04-10483 (5th Cir. Nov. 11, 2004); *James v. Jones*, No. 3-07-CY-0979-G, 2007 WL 4661142, at *3 (N.D. Tex. Dec. 10, 2007), *rec. adopted*, 2008 WL 90005 (N.D. Tex. Jan. 3, 2008).  In addition, shortly after this action was filed, the Court sanctioned Plaintiff $100.00 and barred him from filing any lawsuit in this Court until the sanction is paid.  *See James v. Dallas Police Department, et al.*, 3:12-CV-0457-N-BD (N.D. Tex. Mar. 29, 2012), *appeal pending*, No. 12-10369 (5th Cir.).[3]

---

[2] *See James v. Brown*, No. 06-10949-M (298th Dist. Ct., Dallas County November 21, 2007), *dism'd*, No. 05-07-01573-CV, 2009 WL 104778 (Tex. App.—Dallas, January 16, 2009, order). (mem. op.). (dismissing Plaintiff's appeal of the trial court's order denying his motion for sanctions and granting Defendant's motion to declare Plaintiff a vexatious litigant).

[3] As of the date of this recommendation, Plaintiff has failed to tender the $100 sanction to the Clerk's Office.

2

## II. ANALYSIS

### A.     Want of Jurisdiction

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

#### 1. *Rooker-Feldman* Doctrine[4]

Although federal courts unquestionably have jurisdiction over claims under section 1983, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Id.*; *see also* 28 U.S.C. § 1257(a) (Supreme Court may review state final judgments "by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it being repugnant to the Constitution, treaties or laws of the United States"). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state

---

[4] This doctrine is named after *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

Here, Plaintiff's complaint is a collateral attack on the state court order declaring him a vexatious litigant and the state court of appeal's order dismissing his ensuing appeal of the lower court's order for want of jurisdiction. (Doc. 3 at 3). Plaintiff now turns to this Court requesting that Judge Tobolowsky's order, declaring him a vexatious litigant, be vacated as unconstitutional and that a special master be appointed to review all vexatious litigant orders entered by Judge Tobolowsky. *Id*. However, his constitutional claims are "inextricably intertwined" with the state court order declaring him a vexatious litigant.

Whether this action constitutes an impermissible collateral attack on the state court order declaring Plaintiff a vexatious litigant, or merely raises constitutional claims that are inextricably intertwined with the state court's ruling, this Court lacks subject matter jurisdiction to review Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Jordaan*, 275 F.Supp.2d at 788-89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action.). Consequently, the complaint should be dismissed for want of jurisdiction.

   B.   **Sanctions**

In April 2012, because the sanction order in No. 3:12-CV-0457-N-BD was issued after the filing of this case, the Court warned Plaintiff that additional sanctions may be imposed if he insists in filing frivolous claims. (Doc. 5 at 1-2). Specifically, the Court advised that if Plaintiff elected to proceed with this lawsuit and the Court determined that the action is frivolous,

malicious, or fails to state a claim, he may be subject to additional sanctions, including monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *Id.* Plaintiff replied that he wished to proceed with this case. (Doc. 6 at 1).

Although the Court recommends that the complaint be dismissed for want of jurisdiction, additional sanctions are still appropriate in light of Plaintiff's abusive filing history. It is recommended that Plaintiff be barred from filing future suits *in forma pauperis* in this Court unless accompanied by a motion for leave to file. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. It is further recommended that Plaintiff be barred from filing any suits in this Court without first seeking leave.

SIGNED June 22, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE